UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
KAREN GEISINGER,

                            Plaintiff,                        06 Civil 1224 (CLB)

      - against

                                                                           ***Memorandum and Order***

FRIENDLY'S ICE CREAM CORPORATION,

                            Defendant.
-----------------------------------------------------------------------x
Brieant, J.

     Before the Court in this employment discrimination case, is a motion filed April 11, 2006 (Doc. No. 3) to dismiss the claims of the case under Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) and for failure to exhaust administrative remedies. Opposition papers were filed on April 19, 2006, and reply papers were filed April 26, 2006. The parties appeared for oral argument on the motion before this Court on May 19, 2006.

*Background*

     The following facts are assumed true for purposes of this motion only. Plaintiff was employed by Defendant in 1993 and was a manager at a Friendly's restaurant for approximately four years before she was fired on March 28, 2005. In December 2004, Plaintiff was diagnosed as suffering from Chronic Obstructive Pulmonary Disorder ("COPD" or "pulmonary disorder) which she claims affects one or more of her life activities of breathing, walking and running. Despite her pulmonary disorder, Plaintiff was able to perform the essential functions of her job, including managing, inventory, ordering, attending meetings and creating reports, but was

unable to spend long periods of time in the walk-in refrigeration unit in the restaurant where she worked. Plaintiff accordingly asked another employee to conduct inventories in the refrigeration unit when necessary.

In the Spring of 2004, Steven Swartz replaced Gina Belmonte as the district manager to whom Plaintiff directly reported. Plaintiff claims that several months passed without any significant contact with Swartz, but that some months later, despite her excellent work record, Swartz began to criticize her unfairly, accuse her of misconduct and incompetence and that he "bypassed her in favor of a male assistant manager." *Compl. at ¶14.* Plaintiff also claims that Swartz refused to accommodate her disability or permit her to have another employee take inventory in the refrigeration unit, which, she claims, affected the terms and conditions of her employment. Plaintiff also claims that Swartz selectively applied Defendant's policies to her and commenced disciplinary action against her.

On March 17, 2005, Plaintiff filed a *pro se* charge of gender discrimination by her supervisor Swartz, with the New York State Division of Human Rights ("NYSDHR" or the "Division"), and claims that she subsequently advised Swartz of her complaint. Plaintiff was placed on medical leave as a result of stress and anxiety over the job circumstances. On March 28, 2005, Defendant fired Plaintiff, which, she claims, resulted in lost wages, benefits, and physical and emotional injury. On March 29, 2005, an EEOC notice of charge for a violation of Title VII was directed to Defendant, with Plaintiff's March 17, 2005, discrimination charge attached. On April 1, 2005, Plaintiff filed an amended charge with the NYSDHR, which added a

claim of disability discrimination to her March 17, complaint, specifically claiming that Swartz discriminated against her based on a disability by calling her physician and demanding confidential medical information about her. Both complaints were investigated by the NYSDHR.

Plaintiff retained counsel in May of 2005. In June of 2005, in response to the NYSDHR's request for additional information, Plaintiff stated: that she was diagnosed in November or December 2004 with Chronic Obstructive Pulmonary Disease and her exposure to cold environments was strictly prohibited by her treating physician; that the new supervisor Swartz refused to accommodate her disability by allowing another employee to spend longer periods of time in the freezers; and that the general manager denied her the ability to have another employee perform the inventory in the freezer areas. As further discussed *infra*, Defendant denies that the June statement is a part of the administrative complaint and also claims no notice of the pulmonary disorder discussed therein because there is no proof of Defendant's receipt of this statement.

Plaintiff claims that Defendant knowingly and willfully violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq.,* the Americans with Disabilities Act, 42 U.S.C. §12101, and the New York Human Rights Law §296, by discriminating against her on the basis of her gender and disability, and by then retaliating against her for making a lawful complaint of gender discrimination.

Defendant argues that Plaintiff failed to exhaust administrative remedies for her disability discrimination claim based on the pulmonary disorder, of which claim Defendant argues it had no notice prior to this federal case. Defendant argues also that Plaintiff failed to allege a set of facts that would entitle her to relief for gender discrimination. In its reply papers, Defendant also adds an argument that Plaintiff's retaliation claim should also be dismissed, because she did not exhaust her administrative remedies by alleging retaliation, nor allege in her Complaint facts connecting her termination to any protected activity in this Complaint.

*Discussion*

In considering a motion to dismiss under Rule 12(b)(6), the Court is obliged to accept the well-pleaded assertions of fact in the complaint as true and to draw all reasonable inferences and resolve doubts in favor of the non-moving party. The focus of the Court's inquiry is not whether plaintiffs will ultimately prevail, but whether the claimants are entitled to an opportunity to offer evidence in support of their claims. Therefore a motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

> Our Court of Appeals has held:
>
> A plaintiff may bring an employment discrimination action under Title VII or the ADEA only after filing a timely charge with the EEOC or with "a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5 (e) (Title VII); see 29 U.S.C. §§ 626 (d), 633(b) (ADEA). Exhaustion of remedies is a precondition to suit, and a plaintiff typically may raise in a district court complaint only those claims that either were included in or are "reasonably related to" the allegations contained in her EEOC charge.

> A claim raised for the first time in the district court is "reasonably related" to allegations in an EEOC charge "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. We have described this as "essentially an allowance of loose pleading."
>
> n6 We have recognized two other types of "reasonably related" claims: those alleging "retaliation by an employer against an employee for filing an EEOC charge," and those alleging "further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."

*Holtz v. Rockefeller & Co.,* 258 F.3d 62, 82-83 (2d Cir. 2001)(some citations omitted).

> The first type of "reasonably related" claim we have recognized is essentially an allowance of loose pleading. Recognizing that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering, we have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Butts v. New York Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993).

*ADA Claim & Failure to Exhaust Administrative Remedies*

Defendant argues for dismissal because Plaintiff did not mention the pulmonary disorder disability until a June 2005 unsworn submission, which wasn't part of the original charge for sex or disability discrimination, and that Friendly's has no record of receiving the document, and accordingly had no notice of the claim in order to resolve it at the administrative level. It argues that under *Holtz*, an unsworn statement like Plaintiff's June 2005 submission is not part of the administrative complaint.

Plaintiff argues that she filed her first two charges without the assistance of counsel, the second of which amended the first to include a charge of disability discrimination, alluding to Swartz' phone call to her doctor while Plaintiff was on medical leave. Plaintiff argues that the June 2005 affidavit was in response to the NYSDHR, and that it amplified her charge, which provided Defendant with ample notice of Plaintiff's pulmonary disorder disability complaint.

In *Holtz*, the Court of Appeals held that an unsworn letter mailed to the EEOC more than a year after the initial EEOC charge was filed, did not form part of the original charge and could not serve to enlarge its scope to include new claims of unlawful employment practices or bases for discrimination. *See Holtz*, 258 F.3d at 83. The Court of Appeals accordingly held that additional claims raised for the first time in the district court were barred unless "reasonably related" to the allegations in her EEOC charge. *Id.*

The Court agrees that Plaintiff's unsigned June 2005 response letter in which she raises her pulmonary disorder disability for the first time cannot be deemed part of the original charge, however, the Court finds this basis of discrimination to be reasonably related to Plaintiff's original administrative charge, which refers to Swartz' depriving Plaintiff of her previously-held ability or authority to delegate tasks. The taking of inventory in the refrigeration unit is one such duty, which Plaintiff claims that she delegated precisely because of her pulmonary condition. The administrative investigation into this complaint regarding delegating duties would likely and naturally address why Plaintiff delegated duties, including the taking of inventory in the refrigerated areas of the restaurant.

Defendant was already on notice of an ADA claim. Considering this, the looser pleading requirements for *pro se* plaintiffs and the Court's impression that the pulmonary disorder would have come to light during an investigation into why Swartz wouldn't allow Plaintiff to delegate duties, the Court concludes that Plaintiff's discrimination for her pulmonary disorder was reasonably related to the original charges, and accordingly may not be dismissed for a failure to exhaust administrative remedies.

*Retaliation Claim*

Defendant argues concerning the retaliation claim, that Plaintiff failed to exhaust administrative remedies and also failed to adequately state a claim in the Complaint for retaliation. The Court disagrees. Plaintiff's April 1, 2005, charge of discrimination states that she had filed the March 17, 2005, charge of discrimination, then went on medical leave for work-related stress, and that she received word that she was terminated on March 28, 2005. Proximity in time is a well-established factual allegation, which can sufficiently satisfy the causal connection element between a protected activity (in this case, complaining of discrimination), and the adverse employment action (in this case, being terminated).

The Court concludes that Plaintiff has adequately pled in her Complaint a claim for retaliation. Plaintiff's Complaint alleges discriminatory conduct of which she originally complained on March 17, 2005. The Complaint alleges that she was then terminated by Defendant on March 28, 2005.

The retaliation claim asserted in Plaintiff's federal complaint is also reasonably related to the underlying charges of discrimination, and Defendant cannot reasonably claim that Plaintiff failed to provide notice of a retaliation claim or that it had no opportunity to resolve this claim at the administrative level. Potential retaliation for filing her complaint would fall within the scope of an EEOC investigation, which would reasonably be expected to grow out of the charge of discrimination. *See Holtz, supra.*

*Sex Discrimination Claim*

Defendant claims that Plaintiff didn't adequately plead a claim for sex discrimination. Plaintiff alleged in the Complaint that she performed her job as well as or better than similarly situated employees and that Swartz nevertheless criticized her unfairly, accused her of misconduct and incompetence, and bypassed her for a promotion in favor of a male assistant manager, thereby making Plaintiff a victim of gender-based decision-making. *Compl. at ¶¶8,14, 19.*

Federal Rule of Civil Procedure 8(a)(2), provides that a complaint need include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Plaintiff did not specify when the apparent promotion of the male assistant manager occurred and Defendant complains that Plaintiff improperly failed to include in the federal

8

Complaint numerous details set forth in Plaintiff's original administrative charges.

Plaintiff's counsel at the hearing on this motion, volunteered on the record that she would amend the Complaint. This Court accepts the offer, expressing no confidence that any benefit will flow therefrom to the Defendant.

For the foregoing reasons, Defendant's motion to dismiss (Doc. No. 3) is denied except that Plaintiff is granted leave to file an amended complaint within twenty days with respect to the sex discrimination claim. Counsel are directed to file electronically all relevant documents, copies of which have been furnished to the Court prior to the oral argument.

X

X

X

X

SO ORDERED.

Dated: White Plains, NY
      May 19, 2006

                                                                                    _/s/ Charles Brieant_      
                                                                                    Charles L. Brieant, U.S.D.J.