UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK_____X

KAREN GEISINGER,                                         06 CIV 1224 (CLB)

    Plaintiff,                                       **AMENDED COMPLAINT**

  - against -

                                                                                    **Jury trial demanded**

FRIENDLY'S ICE CREAM CORPORATION,

    Defendant.                                       ECF Case
_____X

**INTRODUCTION**

1. Plaintiff Karen Geisinger brings this lawsuit alleging unlawful discrimination on account of her gender and disability against defendant Friendly's Ice Cream Corporation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Americans With Disabilities Act, 42 U.S.C. §12101, and the New York Human Rights Law §296.

**PARTIES**

2. Plaintiff is a woman who resides in the Village of Walden, Orange County, New York, within this judicial district.

3. Defendant corporation doing business in the State of New York. It may sue and be sued.

**JURISDICTION**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 & 1343(3) & (4), 42 U.S.C. §2000e and 42 U.S.C. §12101.

5. On or about April 1, 2005, plaintiff filed a charge of discrimination with the New York State Division of Human Rights. This suit is timely brought within 90 days

of her receipt of the Notice of Right to Sue.

6. The events giving rise to this suit occurred in Orange County, within this Judicial district.

## FACTUAL ALLEGATIONS

7. Plaintiff, a woman, was employed by defendant in 1993 and was a manager at one of defendant's restaurants for approximately four years before she was fired on March 28, 2005.

8. During her employment, plaintiff performed her job at least as well as and often better than other similarly-situated employees.

9. In or about December 2004, plaintiff was diagnosed as suffering from Chronic Obstructive Pulmonary Disorder ("COPD"), a condition that affects one ore more life activities, including breathing, walking and running.

10. Despite her COPD, plaintiff was able to perform all the essential functions of her job, including managing, inventory, ordering, attending meetings and creating reports.

11. Because of her COPD, plaintiff was unable to spend long periods of time in the walk-in refrigeration unit in defendant's restaurant where she worked.

12. When plaintiff needed to inventory the contents of the refrigeration unit, she asked another employee to do so and give her the information for inclusion in her reports and as the basis for ordering.

13. In spring 2004, plaintiff's direct report changed from District Manager Gina Belmonte to a new district manager, Steven Swartz.

2

14. ... favoring male management employees.

15. Despite plaintiff's excellent work record, Swartz criticized plaintiff unfairly, falsely accused her of misconduct and incompetence, denigrated her ability and bypassed her in favor of a male assistant manager.

16. Swartz refused to deal directly with plaintiff, instead communicating with her male assistant manager.

17. Swartz deliberately kept plaintiff's store understaffed by transferring or "borrowing' employees to other stores.

18. Swartz permitted the male assistant manager to schedule additional personnel for the store as needed but, when plaintiff did so, Swartz reduced the hours of personnel plaintiff had scheduled.

19. Swartz micromananged plaintiff and disciplined her unjustly while permitting or condoning the same conduct in male employees.

20. Swartz made false accusations against plaintiff concerning her work and personal conduct.

21. When Swartz learned of plaintiff's disability, he refused to accommodate her or permit her to use another employee to take inventory in the refrigeration unit. This failure to accommodate affected the terms and conditions of plaintiff's employment.

22. Swartz selectively applied defendant's policies to plaintiff and commenced disciplinary action against her.

3

23. discriminatory misconduct and explained that she would file a complaint with the EEOC if defendant did not remedy the situation.

24. When plaintiff was placed on medical leave as a result of stress and anxiety over her job, Swartz called plaintiff's physician and demanded confidential medical information about her.

25. On or about March 17, 2005, plaintiff complained of gender discrimination to the Orange County Human Rights Commission in connection with Swartz's gender-based decision-making. Thereafter, plaintiff advised defendant that she had filed this administrative complaint.

26. On March 28, 2005, defendant fired plaintiff.

27. As a result of defendant's illegal misconduct, plaintiff suffered lost wages and benefits and physical and emotional injury.

## CAUSES OF ACTION

28. Plaintiff incorporates the allegations in paragraphs 1-27 as if fully restated herein.

29. Defendants knowingly and willfully violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, the Americans With Disabilities Act, 42 U.S.C. §12101, and the New York Human Rights Law §296 by discriminating against plaintiff on account of her gender and disability and by retaliating against her for making a lawful complaint of discrimination.

HEREFORE, plaintiff prays that this Honorable Court:

    a. accept jurisdiction over this matter;

    b. empanel a jury to fairly hear and decide this matter;

    c. award to plaintiff back and front pay;

defendant's discriminatory practices;

e. award to plaintiff punitive damages for defendant's wilful and outrageous conduct in violation of her Federally-protected rights; and

f. award any other relief deemed just and proper.

Dated: May 24, 2006
Chester, New York

Respectfully submitted,

S/_____
HELEN G. ULLRICH (HU 6597)

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff